HUGHES, Plaintiff in error, vs. THE STATE, Defendant in error.

*June 5—June 24, 1935.*

*Manfred S. Block* of Platteville, for the plaintiff in error. For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney gen-

eral, and *Helmar A. Lewis,* district attorney of Grant county, and oral argument by *Mr. Lewis* and *Mr. Messerschmidt.*

WICKHEM, J. Two questions are raised upon this appeal. The first is that the evidence does not sustain the conviction. Plaintiff in error, hereafter referred to as defendant, was charged by one Lucille Place with being the father of her illegitimate child. The illicit relations from which it is claimed the pregnancy of the complaining witness resulted are alleged to have occurred on February 21, 1932. The testimony of the complaining witness is that during the afternoon of the day in question she went to the house of defendant's father, remaining there for supper; that defendant came home for supper, and about 9 o'clock accompanied her to her home, which was about a mile and a quarter from defendant's home. They made the trip in an open Ford car. According to her testimony, they parked the car a short distance from her home and had sexual relations. The complaining witness was positive that there was but a single act of intercourse. She was equally positive as to the date. Some time in March the complaining witness claims to have realized that she was or might be pregnant, and attempted to get in touch with defendant. After failing to see him, she sent word by a young man that she was in trouble. She testified that on two occasions shortly thereafter defendant came to see her, and made suggestions for getting married, and also that she take steps to have an abortion committed or a miscarriage produced. This she refused to do. About a month after this conference defendant married another girl. On the Saturday following the alleged act of intercourse, one Mrs. Nodolf, a sister-in-law of the brother of complaining witness, claims to have talked to defendant, and that he stated that Lucille had been over to his house the preceding Sunday and that he had taken her home on

that occasion. Three witnesses testified to the fact that they had had conversations with defendant during the summer of 1932, and that he had admitted in the presence of all of them that Lucille Place's child was or might be his own. This evidence is weakened by the assertion of defendant that the admission was made jokingly, and by the concession of this witness that this might be true.

Defendant's principal defense was an alibi. The testimony of his family was that he was not at home on the evening in question. His fiancée (now his wife), her family, and other witnesses testified that he was in Platteville on the night of February 21st. The testimony of defendant's sisters was that, while prosecuting witness was at their house that night for supper, defendant was not there, but that three other boys came to the house after supper, and complaining witness left with them. All this was denied both by complaining witness and by the boys. There was an issue of fact here for the jury, and the judgment cannot be disturbed upon the ground that there is no evidence to sustain the verdict. The positive evidence of the complaining witness; the evidence of admissions by defendant, first, that he took complaining witness home on that evening; second, that he was or might be the father of her child; and, third, the fact that he did respond to her statement that she was in trouble, and had at least two conferences with her relating to it, during the course of which she at least stated to him that he might be the cause of her difficulty, are sufficient to raise a jury question.

It is next contended that upon the facts as a whole, this court should exercise its discretion to grant a new trial upon the ground that justice has probably miscarried. Since we have come to the conclusion that this contention is sound, we shall content ourselves with reciting the respects in which the record arouses our serious misgivings whether justice has not miscarried. In the first place, the story of the com-

plaining witness is inherently improbable. Without any record of previous association that might lead to intimate relations; without asserting any previous sexual intimacies, and at a time when defendant was concededly courting the young lady whom he shortly thereafter married, she testifies to a single act of intercourse. This is said to have occurred in an open Ford, on a cold winter night, both of the parties being dressed lightly, and during the course of a trip of a mile and a quarter which it took four hours to accomplish. The whole situation as to the transaction itself, as presented by the testimony, is quite extraordinary. When this is coupled with the fact that complaining witness, when she learned of her condition, sent word concerning her trouble to defendant through the medium of a boy who was a mutual friend, rather than by direct communication with defendant, the story appears to us to be still more doubtful. Another circumstance further adds to our misgivings. Almost immediately after the alleged conferences with defendant, defendant married another girl, and thereafter complaining witness, while pregnant, as she claimed, by the defendant, attended a shower for defendant and his wife and brought presents on that occasion. This hardly seems consistent with the fact that she had theretofore been seduced by defendant. Against this testimony is an unusually impressive array of witnesses testifying to an alibi, and placing defendant in the city of Platteville, several miles from the scene of the seduction, on the occasion in question. It is beyond dispute that complaining witness, on the day before February 21st, attended a dance with another boy, and there is at least evidence that she acted in a very familiar manner with him, and that she left the dance in his company. There is other evidence, disputed to be sure, that she had for some time been on extremely friendly terms with this young man, and had hugged and kissed him publicly.

While none of the evidence heretofore reviewed destroys as a matter of law the credibility of the state's witnesses, we are satisfied that there are so many circumstances casting doubt upon the story of complaining witness, and that the evidence so strongly preponderates against her story, that there is good ground to conclude that justice has probably miscarried. In view of this conclusion, we deem it proper, in the exercise of authority conferred by sec. 251.09, Stats., to order a new trial. *State v. Hintz,* 200 Wis. 636, 229 N. W. 54; *Nelson v. State,* 210 Wis. 441, 245 N. W. 676; *Jacobsen v. State,* 205 Wis. 304, 237 N. W. 142.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.